**[J-25-2018] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 45 WAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered April 20, 2017 at No. |
| | : | 253 WDA 2016, reversing and |
| v. | : | vacating the Order of the Court of |
| | : | Common Pleas of Allegheny County |
| | : | entered September 14, 2015 at No. |
| TEX XAVIER ORTIZ, | : | CP-02-CR-0000547-2015 and |
| | : | remanding. |
| Appellee | : | |
| | : | ARGUED: April 11, 2018 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                  **DECIDED: NOVEMBER 21, 2018**

Proof a defendant removed a child a substantial distance, to facilitate the taking of the child from the custody of its lawful guardian without privilege to do so, will support a conviction for kidnapping of a minor pursuant to 18 Pa.C.S. § 2901(a.1)(2), with interference with custody of children (ICC) being the predicate felony. In my view, the Superior Court erred when it held that ICC could not be a predicate felony for the purpose of Section 2901(a.1)(2), "in the narrow and specific circumstance where a defendant is the biological parent of the child addressed by the custody order in question." *Commonwealth v. Ortiz*, 160 A.3d 230, 241 (Pa. Super.), *appeal granted*, 173 A.3d 1284 (Pa. 2017).

Despite the fact that the ICC and kidnapping of a minor statutes do not create any exception for biological parents, the Majority affirms the Superior Court's holding carving out this exception. Pursuant to the ICC statute enacted in 1972 and amended in 1984,

"[a] person commits an offense if he knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian or other lawful custodian, when he has no privilege to do so."  18 Pa.C.S. § 2904.  In 2012, the General Assembly enacted 18 Pa.C.S. § 2901(a.1), kidnapping of a minor, which provides:

> A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with any of the following intentions:
>
> > (1) To hold for ransom or reward, or as a shield or hostage.
> >
> > (2) To facilitate commission of any felony or flight thereafter.
> >
> > (3) To inflict bodily injury on or to terrorize the victim or another.
> >
> > (4) To interfere with the performance by public officials of any governmental or political function.

*Id.*  In accordance with subsection 2, the unlawful removal of a minor a substantial distance with intent to "facilitate commission of **any** felony" constitutes the crime of kidnapping of a minor.  The language of the statute broadly embracing "any felony" is unambiguous.  Had the General Assembly intended to exclude ICC, or any other felony, from qualifying as a predicate felony, it could have done so.  Because the language of the statute is unambiguous, we are precluded from resorting to the statutory interpretation provisions employed by the Majority in its effort to ascertain the legislature's supposed intent ion enacting Section 2901(a.1).   *See* 1 Pa.C.S. § 1921 ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.")

The Majority purports to detect an ambiguity in the concept of an act facilitating itself. Although ICC and kidnapping of a minor both involve an act of taking, the statutory language is not ambiguous. Further, kidnapping of a minor does not necessarily require an act of "removing" or "taking." Kidnapping of a minor can be based on conduct where a person "unlawfully confines a person under 18 years of age for a substantial period in a place of isolation." 18 Pa.C.S. § 2901(a.1). In such a circumstance, the circular language argument by the Majority would not apply because confining a child for a substantial period in a place of isolation to take the child from the custody of a lawful custodian does not implicate the duplicative "taking" language which the Majority has deemed problematic.

It is of no moment that ICC can be charged in instances that do not involve the additional elements for kidnapping of a minor. In circumstances where the conduct of the defendant includes those additional elements, the defendant may be convicted on both charges. *See* 42 Pa.C.S. § 9303 ("[n]otwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes.")

Thus, the sole question before this Court is whether ICC can be the felony, the facilitation of which, supports a conviction for kidnapping of a minor under 18 Pa.C.S. § 2901(a.1)(2). The Majority dismisses the Commonwealth's argument that the substantial distance element has any bearing on our analysis. To the contrary, the decision by Appellee to take J.O. a substantial distance from her home, for 15 days, to

evade multiple law enforcement agencies attempting to locate J.O., facilitated his interference with a custody order.

Because Appellee's conduct was sufficient to support a conviction for ICC and kidnapping of a minor, I would reverse the Superior Court's decision and remand for resentencing. ICC is a separate and distinct crime for which Appellee can, and was convicted, and because kidnapping of a minor unambiguously states a defendant can be convicted if the defendant has removed the child a substantial distance to facilitate commission of any felony, I dissent.

Justices Dougherty and Wecht join this dissenting opinion.